I must join in the majority opinion because it correctly applies the law, as set forth in Ex parte Kyzer, 399 So.2d 340
(Ala.Cr.App.), cert. denied, 399 So.2d 347 (Ala. 1981) and Ex parte Clark, 728 So.2d 1126 (Ala. 1998), to the facts of this case. I believe Judge Patterson's discussion of how § 13A-5-49(8), Ala. Code 1975, is interpreted in Ex parte Kyzer, Ex parte Clark, and other capital cases is a scholarly essay on Alabama's application of §13A-5-49(8) after the United States Supreme Court's decision in Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398
(1980). It is my view, however, that beginning with Ex parte Kyzer the law in Alabama has taken a path not entirely mandated by Godfrey.
In Godfrey, the United States Supreme Court reviewed the trial court's determination that an aggravating circumstance enumerated in Georgia's Death Penalty Statute,[10] similar to the aggravating circumstance found at § 13A-5-49(8), existed and held:
 "In the case before us, the Georgia Supreme Court has affirmed a sentence of death based upon no more than a finding that the offense was `outrageously or wantonly vile, horrible and inhuman.' There is nothing in these few words, standing alone, that implies any inherent restraint on the arbitrary and capricious infliction of the death sentence. A person of ordinary sensibility could fairly characterize almost every murder as `outrageously or wantonly vile, horrible and inhuman.' Such a view may, in fact, have been one to which the members of the jury in this case subscribed. If so, their preconceptions were not dispelled by the trial judge's sentencing instructions. These gave the jury no guidance concerning the meaning of any of § (b)(7)'s terms. In fact, the jury's interpretation of § (b)(7) can only by the subject of sheer speculation."
446 U.S. at 428-299, 100 S.Ct. at 1765, 64 L.Ed.2d at 406.
Initially, I note that § (b)(7), Georgia Code Ann., expressly recognizes "torture of a victim" as a factor in determining whether the aggravating circumstance exists. Further, I note that in interpreting § (b)(7), Georgia Code Ann., the Court in effect found that the language in § (b)(7) — that the murder be "outrageously or wantonly vile, horrible and inhuman" — was synonymous with torture. Our comparable statute, however, does not contain the word "torture." Section13A-5-49(8), Ala. Code 1975, permits the finding of an aggravating circumstance when "[t]he capital offense was especially heinous, atrocious, or cruel compared to other capital offenses." Although the commonly accepted meanings of the words "heinous," "atrocious," and "cruel" certainly include torturous conduct, the word "torture" does not appear in our statute. Moreover, because the legislature used the word "especially" in conjunction with "heinous, atrocious, or cruel," the finding of the aggravating circumstance requires the conduct to be uniquely distinguishable from other conduct within the same category.
Certainly, statutes authorizing the importance of a sentence of death should be narrowly drawn and should follow guidelines that are not arbitrary or capricious. However, I believe that the restrictive *Page 865 
holdings in Ex parte Kyzer and Ex parte Clark exclude some criminal conduct that under the commonly understood language of § 13A-5-49(8), Ala. Code 1975,[11] could constitute that aggravating circumstance. Additionally, based on my analysis above, I do not believe that the fact finder should be limited to considering the objective manifestations of a victim's suffering in determining whether a crime is especially "heinous, atrocious, or cruel," but should be allowed to draw from the common meanings of these words. The common meanings of words are routinely used to instruct our juries and are routinely applied by our trial courts with a precision that meets the requirements of the law.
Finally, under a slightly different set of facts, I would join Judge Baschab's dissent. However, I do not believe the present record supports a finding of torture except by inferences and assumptions based on facts not in evidence.
[10] Section 27.2534.1(b)(7), Georgia Code Ann., states:
"The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim."
[11] Webster's Tenth Collegiate Dictionary offers the following definitions for these words: